AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA  Jarett A. Rovner                    )          USAO CW No.  26-058

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  26-mj-912 |
| | ) |
| | ) |
| | ) |
| Argedys Noel de la Cruz Jerez | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  March 10, 2026  in the county of  Philadelphia  in the
Eastern  District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(B) | knowing or intentional possession with intent to distribute, or distribution of a controlled substance |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

/s/ Benjamin T. Lombardo
*Complainant's signature*

Special Agent Benjamin T. Lombardo, FBI
*Printed name and title*

Sworn to before me and signed by telephone.

Date:    5/13/2026

/s/ Jose R. Arteaga, USMJ
*Judge's signature*

City and state:        Philadelphia, Pennsylvania

HONORABLE JOSÉ R. ARTEAGA, U.S.M.J.
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Case No. 26-mj-912** |
| **ARGEDYS NOEL DE LA CRUZ JEREZ** | : | |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT
BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, Federal Bureau of Investigation Special Agent Benjamin T. Lombardo, having been duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been employed with the FBI since April 2022.  I am currently assigned to the FBI Pittsburgh Field Office.  During my time with the FBI, I have assisted with investigations related to narcotics, child sexual abuse material, fraud (such as online or telephonic scams), complex financial crimes, art crime, and the structuring/concealment of assets.  I have training and experience in digital extraction techniques, financial analysis, and communications analysis.

2.      As part of my duties as a Special Agent, my responsibilities include participating in the investigation and prosecution of persons who violate federal drug laws.  As a result of my training and experience, I am familiar with federal drug laws and know that, in accordance with Title 21, United States Code, Section 841, it is unlawful for an individual to manufacture, distribute, or possess with intent to distribute or dispense a controlled substance, including, but not limited to, cocaine, heroin, fentanyl and fentanyl analogues.  As a Federal Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.  I am familiar with the facts and circumstances of this investigation

1

from: (a) my personal knowledge of the investigation; (b) observations of other law enforcement officers; (c) information provided to me by other law enforcement officials; and (d) information otherwise obtained by credible and reliable sources. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Unless otherwise specified, all dates set forth below are "on or about" the dates indicated, and all amounts or sums are approximate. Additionally, unless otherwise noted, whenever in this affidavit I assert that a statement was made by an individual, that statement is described in substance, and in part, and is not intended to be a verbatim recitation of the entire statement.

4. This affidavit is being submitted in support of a criminal complaint and arrest warrant pertaining to ARGEDYS NOEL DE LA CRUZ JEREZ for violating:

a. 21 U.S.C. §§ 841(a)(1), (b)(1)(B), knowingly or intentionally possessing with intent to distribute or distributing a controlled substance, and the violation involved 40 grams or more of a mixture or substance containing a detectable amount of containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a schedule II controlled substance.

5. This affidavit is based not only my personal knowledge, but the knowledge of other law enforcement officers I have communicated with. In support of this, your affiant states the following:

**<u>PROBABLE CAUSE</u>**

6. The United States, including the FBI, is conducting a criminal investigation of Argedys Noel De La Cruz JEREZ ("JEREZ") regarding possible violations if 21 U.S.C. § § 841, 843, and 846. Based on my training and experience, as well as my knowledge of the investigation,

2

I believe that JEREZ distributes suspected narcotics in the Eastern District of Pennsylvania and potentially in the Western District of Pennsylvania.

7.    This investigation involves information obtained by a confidential witness ("CW"). CW is not an anonymous source and has interacted directly with investigators involved in this investigation. CW provided information in the hopes of obtaining leniency with respect to criminal conduct.[1]  A portion of interviews with CW were in-person.  The interviewing agents were fully aware of CW's identity.  CW did not attempt to obscure his or her identity in any manner.  Agents stressed the requirement that CW provide only truthful information at the beginning of his or her cooperation.  CW has prior felony criminal convictions, including felony drug convictions.  CW's convictions will not be detailed herein as doing so could reveal the identity of CW.

8.    In February 2026, the Pennsylvania Office of the Attorney General ("PAOAG") notified the FBI that they had a CW who had access to an individual who could transport large quantities of heroin/fentanyl from Philadelphia, Pennsylvania to Pittsburgh, Pennsylvania.  The FBI and PAOAG previously interviewed this CW during a prior, unrelated investigation in August 2025, and CW provided information concerning this suspected narcotics supplier (believed by investigators to be JEREZ).

9.    During the August 2025 interview, the CW described this individual as an approximately 45-year-old Dominican male from Philadelphia, Pennsylvania who barely spoke English and was approximately 5'10" to 5'11" tall.  The CW also provided a phone number for the individual (267-901-8192), which has been subject to previous prospective phone-location data warrants pertaining to this investigation.  According to the CW, the individual described above

---

[1] Specifically, the CW has a state gun arrest and is hoping to get a reduced sentence and/or potentially avoid federal prosecution. The CW has also received monetary compensation. The CW has provided reliable information to law enforcement.

would sell 100 to 200 bricks of narcotics to the CW, but the individual's usual amount was around 50 bricks at a time.  The individual would provide the narcotics to CW and would return about a week later for payment.[2]  The individual would travel to Pittsburgh via a motor vehicle or would take the bus and use an Uber to travel around Pittsburgh.

10.    In February 2026, the PAOAG notified the FBI that the CW had the ability to order heroin/fentanyl from this individual, and, at the direction of law enforcement, the CW ordered a shipment of heroin/fentanyl via telephone.  The CW coordinated the purchase of a known quantity of heroin/fentanyl with the individual via telephone.  The PAOAG provided the CW with funds to facilitate the shipment of the heroin/fentanyl to the Western District of Pennsylvania.  The individual instructed CW regarding where and how to send those funds to facilitate the narcotics transaction. At the direction of law enforcement, CW provided the funds for the transportation of the heroin/fentanyl in accordance with the instructions provided.

11.    Investigators believe the Dominican heroin/fentanyl supplier mentioned above to be JEREZ.  Accurint[3] database checks for the phone number ending in 8192 return to JEREZ associated with the address 2607 Welsh Rd Apt H103 Philadelphia, Pennsylvania, 19114-3324.

12.    Additionally, the CW provided an Instagram profile picture for the individual with the username "noelcz03" and a first/last name of Noriel Cruz.  JEREZ's middle name of Noel, appears to be similar to the Instagram username.

---

[2] In street language, this is referred to as a "front."

[3] Accurint is a law-enforcement database that utilizes data from utility companies, financial institutions, and other agencies/organizations to allow law enforcement to associate individuals with phone numbers and addresses.  I am familiar with this database and have generally found it to be a reliable means for associating an individual with a phone number.  I have also discussed this database with other, more experienced investigators and analysts, who have similarly found Accurint to be reliable for this purpose.

13.     Moreover, a Facebook page for an individual by the name of "Argedys Noel De La Cruz Jerez" displays a profile picture that appears to match the person in the Instagram photograph provided by the CW. The screen grabs below show the Facebook profile (Figure 1) and the Instagram profile (Figure 2).



*Figure 1*



*Figure 2*

14.     JEREZ's criminal history includes drug related felony charges. In February 2020, JEREZ was arrested by the PAOAG for drug related charges. During this instance, the PAOAG

coordinated the purchase of heroin with a different confidential witness from a supplier in the Philadelphia area.  When the narcotics arrived in the Pittsburgh area, three males were inside of the vehicle used to transport the narcotics.  JEREZ was a passenger of the vehicle.  Charges against JEREZ were ultimately dismissed.

### *CONTROLLED PURCHASES*

### *A.  MARCH 10, 2026*

15.     On March 10, 2026, a controlled purchase of suspected narcotics from JEREZ was conducted utilizing a PAOAG undercover employee ("UCE"). This purchase was coordinated by CW via telephone from the Western District of Pennsylvania.  The controlled purchase itself was conducted in Philadelphia, Pennsylvania. During the controlled purchase, JEREZ distributed dealer quantities of suspected narcotics in exchange for United States currency.  Photographs of JEREZ were shown to the UCE prior to the controlled purchase.  After the controlled purchase, the UCE indicated that the individual from whom they purchased the suspected narcotics was JEREZ.

16.     The CW was provided with instructions to park at a specific transaction location by who is believed to be JEREZ.  The CW provided the vehicle description for the UCE.  The UCE arrived at the transaction location, and within approximately 20 minutes, a blue Honda Odyssey bearing Pennsylvania registration NDA-1379 pulled close to the UCE vehicle.  The UCE and aerial surveillance identified JEREZ as the driver of the Odyssey.  JEREZ walked to the UCE vehicle and entered the UCE vehicle's passenger seat.  In the vehicle, JEREZ handed the UCE a re-usable Aldi plastic bag with additional bags inside.  The UCE then pointed at the money, which was located inside of a green tablecloth bag.  Within approximately a minute, JEREZ exited the

passenger seat of the UCE vehicle, where aerial surveillance observed JEREZ carry the bright green tablecloth bag into the Honda Odyssey and leave the area.

17.    Investigators recovered the contents of the re-usable Aldi bag. Inside of the re-usable Aldi bag were numerous plastic bags tied shut. Inside of those bags were vacuum sealed packages of suspected narcotics packaged in "brick" form. Based on my training and experience, I know that the terminology used to describe "bricks" of heroin/fentanyl sold and distributed in the Pittsburgh area are different than those sold and distributed in eastern Pennsylvania, including Philadelphia. In the Pittsburgh area, a brick of heroin/fentanyl is approximately five bundles or approximately 50 stamp bags, wrapped into an individual brick. A stamp bag consists of approximately .02 grams of heroin/fentanyl.

18.    Contents of the bag included an approximately five-gram plastic bag marked #3 of suspected heroin/fentanyl. Additionally, inside the bag were approximately 59 bricks of suspected heroin/fentanyl wrapped in white paper, white stamp bags with red ink marked with "Border King." The 59 bricks were divvied into two vacuumed sealed packages of approximately 25 bricks each, marked with #2. Approximately nine bricks were inside of an open, vacuumed sealed bag. The final vacuumed sealed package contained approximately 50 bricks of suspected heroin/fentanyl, wrapped in white paper and marked in red ink with the word "Panther."

19.    The suspected narcotics that the UCE purchased from JEREZ during the early March controlled purchase were packaged in a manner that is consistent with what has been witnessed in previous narcotics investigations for distribution or trafficking of heroin or fentanyl in the Pittsburgh area.

20.    Investigators submitted the suspected narcotics to the Pennsylvania State Police, Bureau of Forensic Services for drug identification and analysis. The lab report for this controlled

7

purchase identified that all of the bags contained a mixture containing fentanyl. Some of the bags also contained a mixture containing xylazine. Specifically, the lab determined that the bags contained a mixture or substance containing approximately 118.58 grams of fentanyl, a Schedule II controlled substance. Approximately 67 grams also contained xylazine, a Schedule III controlled substance.

21. Pennsylvania Department of Transportation records display that the Honda Odyssey mentioned above is registered to a Roselina Roa, 2936 Hale Street, Philadelphia, Pennsylvania 19149. Roa is believed to be JEREZ's significant other. Subpoena returns received from T-Mobile for the previously mentioned phone number ending in 8192 display a customer and subscriber name of Roselina Roa, with a service and billing address of 2607 Welsh Rd., H103, Philadelphia, Pennsylvania 19114. This address matches the above-mentioned address associated with JEREZ's Accurint results. Additionally, a Roselina Na Roa is displayed as a possible associate in JEREZ's Accurint results.

22. Based on my training and experience, drug traffickers often use vehicles to store narcotics or drug proceeds, travel between stash houses, and facilitate hand-to-hand transactions.

### B. LATE MARCH 2026

23. In late March 2026, a second controlled purchase of suspected narcotics was conducted from JEREZ utilizing a PAOAG UCE. This purchase was coordinated by the CW from the Western District of Pennsylvania via telephone. The controlled purchase itself was conducted in Philadelphia, Pennsylvania and involved the distribution of dealer quantities of suspected narcotics in exchange for United States currency.

24. At approximately 1:11 P.M., surveillance units observed JEREZ exiting 7221 Montague Street, Philadelphia, Pennsylvania 19135 carrying a two-tone grey/red bag with black

straps.  At approximately 2:20 P.M., the UCE parked at the provided meeting location.  JEREZ approached on foot and entered the UCE vehicle.  JEREZ directed the UCE to drive a short distance to a location on Crispin Street between Hartel Avenue and Lansing Street in Philadelphia, Pennsylvania, where the previously mentioned Honda Odyssey was parked.  At approximately 2:21 P.M., JEREZ exited the UCE vehicle, approached the Honda Odyssey, and took a bag from the vehicle.

25.    At approximately 2:22 P.M., JEREZ handed the bag to the UCE inside of the UCE vehicle. The UCE returned to a pre-determined location, where the UCE provided investigators with a brown Amazon-bag type package.  Inside of this package was a different black re-usable shopping bag with red handles.[4] Inside of this bag was approximately 275 bricks of suspected heroin/fentanyl.  These bricks were vacuumed sealed, wrapped in white paper, and marked in red ink with the word "Panther."  Five of the vacuumed sealed packages were divided into portions of approximately 50 bricks each.  The sixth package was divided into a portion of approximately 25 bricks.  The UCE later confirmed that the individual who the UCE obtained the suspected narcotics from was JEREZ.

26.    Investigators submitted the suspected narcotics to the Pennsylvania State Police, Bureau of Forensic Services for drug identification and analysis.  The lab report has not yet been generated.  The suspected narcotics recovered in this controlled purchase appear similar in nature

---

[4] In a previous affidavit that I submitted in support of a search warrant, I had written that inside the brown Amazon-bag type package was "what appeared to be the same two-tone grey/red bag with black straps."  I believed this information to be true when I swore that my statement was accurate before the Honorable José R. Arteaga via telephone on May 11, 2026.  But upon reviewing investigative photographs taken by law enforcement during the Late March 2026 controlled purchase, I realized the bag recovered from the brown Amazon-bag type package was a different, black re-useable shopping bag with red handles, as now mentioned above.

to the narcotics recovered from the Early March controlled purchase, which lab results provide contained a mixture containing fentanyl and xylazine, as mentioned above.

### C. EARLY MAY CONTROLLED PURCHASE

27. In early May 2026, a third controlled purchase of suspected narcotics was conducted from JEREZ utilizing a PAOAG UCE. This purchase was coordinated by the CW from the Western District of Pennsylvania via telephone. The controlled purchase itself was conducted in Philadelphia, Pennsylvania and involved the distribution of dealer quantities of suspected narcotics in exchange for United States currency. The UCE indicated that the individual they purchased the suspected narcotics from was JEREZ.

28. CW was provided with a meeting location for the UCE. At approximately 2:23 P.M., JEREZ was observed exiting a barbershop located at 3524 Cottman Avenue, Philadelphia, Pennsylvania 19149 and departing in a white Honda Accord (license plate later confirmed with the UCE to be MKM 2337). At approximately 2:26 P.M., JEREZ parked on the sidewalk in the vicinity of 7223 Montague Street, Philadelphia, Pennsylvania 19135—near the previously mentioned 7221 Montague Street, Philadelphia, Pennsylvania 19135.

29. At approximately 2:28 P.M., JEREZ entered 7221 Montague Street. At approximately 2:32 P.M., JEREZ exited 7221 Montague Street[5] carrying what appeared to be a re-usable Aldi shopping bag and placed the bag in the trunk of the white Honda Accord. JEREZ

---

[5] It should be noted that investigators were later made aware of a separate, additional investigation conducted by the Philadelphia Police Department involving the residence of 3145 Wellington Street, Philadelphia, Pennsylvania 19149. On the same day as the early May controlled purchase, law enforcement involved in that investigation observed an unknown individual carry what appeared to be the same re-usable Aldi bag from the Wellington Street residence to a black Dodge Caravan. As the vehicle left the area, law enforcement monitored a GPS tracking device affixed to the Dodge. The vehicle tracker displayed the Dodge driving up the rear driveway between the 7200 block of Montague and 7200 block of Walker Street, Philadelphia, PA (within the vicinity of 7221 Montague Street).

departed the vicinity of Montague Street. At approximately 2:40 P.M., JEREZ parked the white Honda Accord in the vicinity of 3400 Chippendale Street, Philadelphia, Pennsylvania 19136.  At approximately 2:43 P.M., JEREZ walked from where he parked the Accord toward Leon Street, Philadelphia, Pennsylvania.  At approximately 2:44 P.M. JEREZ entered the passenger seat of the UCE vehicle.

30.      At approximately 2:46 P.M., the UCE drove to and turned on to Chippendale Street, Philadelphia, Pennsylvania.  JEREZ took the previously provided law enforcement funds and put the money into his waistband.  JEREZ exited the UCE vehicle and retrieved what appeared to be the same previously mentioned, re-usable Aldi bag from the trunk of the Accord, which was parked on Chippendale Street.  JEREZ provided the bag to the UCE in the front passenger seat of the UCE vehicle.

31.      After the purchase, the UCE met with investigators back at a pre-determined location, where the UCE provided investigators with the previously mentioned Aldi bag.  Inside of this bag was approximately 300 bricks of suspected heroin/fentanyl vacuumed sealed in brick form.  Three of the vacuumed sealed packages were divided into portions of approximately 50 bricks each.  Six packages were divided into portions of approximately 25 bricks.  These bricks re vacuumed sealed, wrapped in white paper, and marked in red ink with "Q60."

32.      Additionally, a field test was later performed on the suspected heroin/fentanyl, which indicated positive results for fentanyl.  Investigators submitted the suspected heroin/fentanyl to the Pennsylvania State Police, Bureau of Forensic Services for drug identification and analysis. The lab report has not yet been generated.

11

### *SEARCH WARRANT EXECUTIONS*

33.     On May 13, 2026, search warrants were obtained (case number 26-mj-878) for the residence of 7221 Montague Street, Philadelphia, Pennsylvania 19135 and a white Honda Accord, license plate number MKM 2337, VIN# 1HGCR2F59DA142611, which were issued in the Eastern District of Pennsylvania and signed by the Honorable U.S. Magistrate Judge José R. Arteaga. These warrants were executed on May 13, 2026.

34.     A fourth controlled purchase was established with a PAOAG UCE, and while JEREZ was meeting with the UCE inside of the UCE vehicle, a probable cause arrest was executed on JEREZ.

35.     The above-mentioned federal search warrant on 7221 Montague Street yielded what appeared to be numerous ledgers depicting owe and cost amounts for narcotics.  Additionally, inside of what appeared to be the same, previously mentioned two-tone grey/red bag with black straps (*see supra* ¶ 24) was a small black bag, marked with the word "Andis."  This small black bag contained the following:  a credit card with JEREZ's name listed on it with what appeared to be powdery white substance on the card, and three small plastic bags containing suspected narcotics.  The substances in these three small plastic bags were tested via Trunarc by FBI Special Agent Michael Edwards and Task Force Officer Joseph Barna and contained the following:

      a.  Bag #1:  Approximately 34 grams of fentanyl

      b.  Bag #2:  Inconclusive results

      c.  Bag #3:  Tetracaine

      d.  It is believed that bags #2 and #3 contained "cutting agents," or substances utilized to package narcotics.  Furthermore, the two-tone grey/red bag with black straps contained four boxes of approximately 250 stamp bags.  Based on

my training and experience, I know that the items located inside of the two-tone grey/red bag with black straps are commonly utilized to package and distribute narcotics.

36.    Additionally, a Pennsylvania state search warrant was executed in coordination with the federal warrants for the residence of 3145 Wellington Street, Philadelphia, PA, also on May 13, 2026, as a suspected "bagging" location.  While final results of the search are still being processed, the search yielded what appeared to be thousands of packages of suspected heroin/fentanyl that were being prepared for distribution and five individuals were detained.  Many of the stamp bags located inside of 3145 Wellington Street were marked in red ink with "Q60," which appear to match the suspected narcotics obtained from the early May controlled purchase.

37.    Based on my training and experience and the facts described above, there is probable cause to believe JEREZ violated 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

Respectfully submitted,

/s/ *Benjamin T. Lombardo*
Benjamin T. Lombardo
Special Agent
Federal Bureau of Investigation

Attested and sworn to by the applicant,
by telephone, pursuant to Fed. R.
Crim. P. 4.1(b)(2)(A), this 13th
day of May 13, 2026

/s/ *Jose R. Arteaga, USMJ*
HONORABLE JOSÉ R. ARTEAGA
United States Magistrate Judge
Eastern District of Pennsylvania

13